IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| V. | : | Criminal Action No. 05-109-GMS |
| KRISTEN NOWACK, | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Kristen Nowack, by and through her attorney, Christopehr Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant, Kristen Nowack, agrees to plead guilty to Count One of the Indictment charging her with theft of mail in violation of Title 18, United States Code, Section 1709, which carries a maximum penalty of 5 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2.  The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (a) the defendant was an employee of the United States Postal Service; (b) that at the time she was a Postal Service employee, the mail matter referred to in the Indictment was entrusted to her for delivery; and

(c) that the defendant knowingly stole the mail matter.

3. The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) she was an employee of the United States Postal Service; (b) between June, 2005, and August 19, 2005, while she was employed by the United States Postal Service, the checks referred to in the Indictment were entrusted to her for delivery; (c) she knowingly stole the checks; and (d) the value of the checks she stole was greater than $70,000 but less than $120,000.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

5. The defendant agrees to pay the $100 special assessment at the time of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States agrees to move for a three level reduction under USSG §3E1.1(b) based on the defendant's conduct to date.

7. The parties reserve the right to defend the probation officer's findings at the

sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
Kristen Nowack
Defendant

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney

_____
Christopher Koyste
Attorney for Defendant

Dated: 4-4-06

**AND NOW**, this 25th day of April, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

                                              HONORABLE GREGORY M. SLEET
                                              United States District Court Judge